734 So.2d 1063 (1999)
Adrienne E. RICHARDSON, Appellant,
v.
Raymond E. RICHARDSON and Charlene Richardson, Appellee.
No. 98-1240.
District Court of Appeal of Florida, First District.
January 5, 1999.
Adrienne E. Richardson, Pro Se.
Robert R. Kimmel of Law Offices of Kimmel & Batson, Chartered, Pensacola, for Appellee.
ALLEN, J.
The appellant challenges an order modifying a child custody provision in a preceding marital dissolution decree. Primary residential custody of the appellant's minor child was transferred from the appellant to the appellee grandparents, based on the trial court's application of a best interest standard pursuant to section 61.13(7), Florida Statutes. We conclude that insofar as the statute authorizes a best interest standard in this context, it violates article I, section 23, of the Florida Constitution.
The appellant is the mother of a child who was four years old when the appellant's marriage to the child's father was dissolved. The dissolution order placed the custody and primary residence of the child with the appellant, although the child stayed with the paternal grandparents at various times during the next several years. After the appellant and the child traveled out of state to visit at the home of the appellant's parents, and the appellant informed the paternal grandparents that she intended to remain at that location with the child, the child's father petitioned for modification in Florida. The father subsequently disavowed any interest in obtaining custody of the child, but the grandparents intervened in the Florida proceeding and sought custody.
Section 61.13(7), Fla. Stat. provides that:

*1064 In any case where the child is actually residing with a grandparent in a stable relationship, whether the court has awarded custody to the grandparent or not, the court may recognize the grandparents as having the same standing as parents for evaluating what custody arrangements are in the best interest of the child.
However, the appellant strenuously argued below that to merely apply a best interest standard in evaluating the grandparents' request for custody would be an unconstitutional infringement on her right of familial privacy.
The Florida Supreme Court has addressed essentially the same issue in the context of grandparental visitation. In Von Eiff v. Azicri, 720 So.2d 510 (Fla. 1998), and Beagle v. Beagle, 678 So.2d 1271 (Fla.1996), the court indicated that the article I, section 23, privacy provision of the Florida Constitution encompasses a parent's right to raise a child without unwarranted governmental interference. Further indicating that this zone of familial privacy may not be invaded in the absence of a compelling state interest, Von Eiff and Beagle determined that a grandparental visitation statute violated article I, section 23, by invoking a best interest standard without requiring proof of a substantial threat of significant and demonstrable harm. Section 61.13(7) suffers from the same defect, in permitting evaluation of the grandparents' custody request solely upon a best interest standard. Like the statute in Von Eiff and Beagle, section 61.13(7) thus violates article I, section 23, and is thereby facially unconstitutional.
The appealed order is reversed and the case is remanded.
JOANOS and WEBSTER, JJ., CONCUR.