LAWRENCE, J.
Francis Kleckner (father) seeks review of postjudgment orders of the trial court granting custody of a minor child to the maternal grandparents. We reverse.
The father and Karen Kleckner (mother), were married on December 11, 1987. One child was born of the marriage on February 19, 1988. The child was temporarily placed with the maternal grandparents, William and Doris Chenault (grandparents), on May 6, 1994, pursuant to a Shelter Order. The child was adjudicated dependent on July 29, 1994, and the trial court continued placement with the grandparents. The marriage of the mother and father was dissolved on October 10, 1995. The mother was designated as the primary residential parent. Protective services were terminated on December 18, 1995.
*117 The Juvenile Division of the Circuit Court entered an order on March 17, 1997, reinstating protective services supervision over the child, appointing a Guardian Ad Litem, and requiring the mother to submit to random drug urinalysis and enter a Twelve Step Program if recommended by her counselor. The trial court awarded temporary custody of the child to the father on May 7, 1997, on the grounds that the mother was hospitalized and that there was no one at home to care for the child. The father, on June 13, 1997, moved for a change in custody, seeking modification of the custody award as set forth in the Final Judgment of Dissolution. The trial court ordered a temporary change in custody to the father on June 19, 1997. The trial court then entered an order, on September 2, 1997, stating that the grandparents would be the temporary primary custodians of the child.
The grandparents, having previously been permitted to intervene in the case, on April 1,1998, filed a petition seeking custody of the child. The trial court, following a hearing, entered its order on November 10, 1998, denying the father’s motion for change of custody, and granting the grandparent’s petition for custody. In so doing, the trial court relied on section 61.13(7), Florida Statutes (1997), finding that while both parents had made significant efforts towards rehabilitating themselves and were attempting to gain freedom from substance abuse, that it would nevertheless be in the best interest of the child to remain with her grandparents with whom she had resided “almost continuously” for seven years. The trial court found that since the child had resided almost continuously with the grandparents since May of 1994, and was residing with the grandparents at the time the father filed his Motion for Change of Custody, the grandparents had the same standing as the parents for purposes of evaluating primary residence ' arrangements and for purposes of evaluating the best interest of the child. The father appeals from this adverse ruling.
Section 61.13 provides:
(7) In any case where the child is actually residing with a grandparent in a stable relationship, whether the court has awarded custody to the grandparent or not, the court may recognize the grandparents as having the same standing as parents for evaluating what custody arrangements are in the best interest of the child.
Subsequent to the trial court’s order, this court, in Richardson v. Richardson, 734 So.2d 1063 (Fla. 1st DCA), review granted, 729 So.2d 918 (Fla.1999), found section 61.13(7) unconstitutional as an infringement on the right of privacy as protected by Article I, Section 23 of the Florida Constitution. The trial court in the instant case applied the best interest standard under section 61.13(7), in deciding to award permanent custody to the grandparents, and made no findings at the hearing that the father was unfit.
Because the trial court relied on statutory authority which has since been found to be unconstitutional by this court, we are compelled to reverse the order of the trial court and remand for further consideration of the issues in light of Richardson.
REVERSED and REMANDED.
DAVIS and VAN NORTWICK, JJ., CONCUR.