PER CURIAM.
This appeal arises from the trial court’s order awarding custody of the minor child to Appellees, the child’s paternal grandparents. In its decision rendered August 3, 1999, the trial court relied upon the standards articulated in cases construing section 61.13(7), Florida Statutes. Subsequent decisions of this court and the Florida Supreme Court have declared that stat *612 ute facially unconstitutional.[1] The trial court did not have the benefit of these opinions.
We, therefore, remand the case for the trial court’s reconsideration in light of the Richardson decision, without prejudice to Appellees to amend their petition to insti-" tute further proceedings, including, but not limited to, a dependency action pursuant to chapter 39, Florida Statutes. During the pendency of these proceedings, the minor child will remain in Appellees’ physical custody.
BOOTH, MINER and KAHN, JJ., CONCUR.

. Richardson v. Richardson, 766 So.2d 1036 (Fla.2000); Kleckner v. Kleckner, 751 So.2d 116, 117 (Fla. 1st DCA 2000)(citing Richardson v. Richardson, 734 So.2d 1063 (Fla. 1st DCA 1999), affirmed, 766 So.2d 1036 (Fla. 2000)).